CITY OF KANSAS CITY, MISSOURI, Appellee,

v.

HOUSING & ECONOMIC DEVEL-OPMENT FINANCIAL COR-PORATION, Appellee,

David Bahner, Appellee,

Warren Watkins, Appellant.

No. 08–2738.

United States Court of Appeals, Eighth Circuit.

Submitted: Feb. 22, 2010.

Filed: Feb. 25, 2010.

Warren Watkins, Kansas City, MO, pro se.

Thomas J. O'Neal, JoAnne Spears Jackson, James E. Meadows, Shughart Thomson & Kilroy, P.C., Springfield, MO, for appellee David E. Bahner, receiver of Housing & Economic Development Financial Corp.

Galen P. Beaufort, City Atty., Douglas M. McMillan, Asst. City Atty., Kansas City, MO, for appellee City of Kansas City, MO.

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

PER CURIAM.

Appearing pro se, Warren Watkins appeals from the district court's [1] orders denying pleadings that he filed on behalf of Monarch Community Improvement Council (Monarch). As a preliminary matter, we have an independent obligation to consider our own jurisdiction. *See Thomas v. Basham*, 931 F.2d 521, 522–23 (8th Cir. 1991). We conclude that the pleadings Watkins filed were not properly before the district court, *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202–03, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (artificial enti-

1. The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

ties may appear in federal courts only through licensed attorneys); the notice of appeal, which Watkins purported to file pro se on Monarch's behalf, was ineffective to perfect this appeal, *see United States v. Van Stelton,* 988 F.2d 70, 70 (8th Cir.1993) (per curiam) (corporation that was not represented by counsel was not party to appeal; corporation cannot appear pro se); and Watkins lacks standing to present arguments on his own behalf on appeal, *see United States v. Northshore Mining Co.,* 576 F.3d 840, 847 (8th Cir.2009) (examining whether party was aggrieved by district court's order, such that appellate court had jurisdiction over appeal); *City of Clarkson Valley v. Mineta,* 495 F.3d 567, 569 (8th Cir.2007) (standing is jurisdictional prerequisite that must be resolved before reaching merits of suit). Accordingly, we dismiss the appeal for lack of jurisdiction.